IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YRYSKELDI DZHAKENOV, | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | CIVIL NO. 26-2781 |
| | : | |
| J.L. JAMISON et al., | : | |
| *Respondents.* | : | |
| | : | |

Scott, J.                                                              **May 4, 2026**

## MEMORANDUM

Petitioner Yryskeldi Dzhakenov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 at 4 [hereinafter Pet.].  Dzhakenov alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, his Due Process rights, and the *Accardi* doctrine.  *Id.* ¶¶ 27–48.

Dzhakenov is a noncitizen from Kyrgyzstan.  Pet. ¶ 18.  He entered the United States on April 24, 2023 at the Port of Entry in Hidalgo, Texas.  *Id.* ¶ 2.  After he entered the country, Department of Homeland Security officers released him from detention and granted him permission to enter the country while he pursued his application for asylum.  *Id.* ¶ 3.  On April 27, 2026—more than three years after Dzhakenov initially entered the country—ICE took him into custody and did not "meaningful notice, explanation, or rationale." *Id.* ¶ 7.  ICE placed Dzhakenov in the Philadelphia Federal Detention Center.  *Id.* ¶ 11.

On the Government's view, Dzhakenov is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer

1

determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also* ECF No. 4 at 3–5, 6–9 [hereinafter Government's Resp.]. Dzhakenov challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a). Pet. ¶ 46.

The Government argues, unconvincingly, that Dzhakenov is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission." Government's Resp. at 6–9. As the Government acknowledges throughout its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 8 (noting that "all courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A) requires that an 'applicant for admission' be actively 'seeking admission' at or near the border to fall within its scope."). Moreover, Dzhakenov has been in the United States for more than three years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Dzhakenov's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726

2

(E.D. Pa. Nov. 25, 2025).

This Court therefore grants Dzhakenov's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Dzhakenov is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Dzhakenov under 8 U.S.C. § 1226(a) for seven days following his release.